UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| MICHAEL D. LEONARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:15-135-JMH |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| FRANCISCO QUINTANA, Warden, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

**** **** **** ****

Plaintiff Michael D. Leonard is a federal prisoner currently confined at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"). Proceeding *pro se*, Leonard has filed a complaint, pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), challenging the Warden's denial of his request for a reduction in sentence/compassionate release under the BOP's Compassionate Release Program. Leonard requests review/reconsideration of the Warden's decision and/or compensatory damages. [R. 1].

The Court must conduct a preliminary review of Leonard's complaint because he is proceeding *in forma pauperis* and because he asserts claims against a government official. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that

is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Leonard's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court has given his complaint a liberal, and hence broad, construction, and will evaluate any cause of action which can reasonably be inferred from the allegations made.

Leonard claims that he has met all of the prerequisites under the BOP's Compassionate Release Program, codified at 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), and that the Warden and the BOP have incorrectly concluded that he does not satisfy the medical requirements for early release/reduction in sentence ("RIS") and have erroneously denied his request for a RIS/early release under this BOP program, all in violation of his Eighth Amendment rights.

## BACKGROUND

Leonard was convicted on February 5, 2013, in the Eastern District of North Carolina for violations of 18 U.S.C. §§ 922(g)(1) 924(c)(1)(A)(ii), and is serving a total prison sentence of 262

month.[1]  As grounds for his request for early release from custody,
he states that he is a paraplegic amputee who is ambulate by
wheelchair, that he has extraordinary circumstances that confine
him to bed more than 50% of the time, and that he is limited
ability with regard to self-care.

The Warden denied Leonard's request for a RIS/compassionate
release because "according to your catchment physician, your
medical issues, albeit challenging, do not meet the threshold of
a debilitated inmate." [R. 1-1, p. 3].  Leonard has exhausted his
administrative remedies as to this issue.  On March 16, 2015, the
BOP's Central Office, the final level of administrative review,
determined that a RIS was not appropriate for Leonard at this time
and denied his request, explaining its decision, as follows:

> Title 18 of the United States Code,
> §3582(c)(1)(A), allows a sentencing court, on
> motion of the Director of the BOP, to reduce a
> term of imprisonment for extraordinary and
> compelling reasons.  Pursuant to Program
> Statement 5050.49, Compassionate
> Release/Reduction in Sentence: Procedures for
> Implementation of 18 U.S.C.§ 3582(c)(1)(A) and
> 4205(g), Section 3(b), consideration for a RIS
> may be given to an inmate who suffers incurable,
> progressive illness or suffered a debilitating
> injury from which he will not recover, and the
> inmate is: (1) completely disabled, meaning the
> inmate cannot carry on any self-care and is
> totally confined to a bed or chair; or (2)

---

[1] **Error! Main Document Only.** Per the BOP's website, Moore is age
53, and his projected release date is April 4, 2031.  *See*
www.bop.gov/inmateloc/56480056 *last checked Sept. 26, 2015).*

capable of only limited self-care and confined
to a bed or chair for more than 50% of waking
hours.

We have carefully reviewed your request. Your
medical record reveals you do not meet the
criteria for a RIS at this time. You are capable
of self-care, and you are capable of completing
your basic and instrumental activities of daily
living with the assistance of medical adaptive
devices. Moreover, you are not completely
disabled or confined to a bed or chair more than
50% of waking hours.

Accordingly, your appeal is denied.

[R. 1-1, p. 11].

### DISCUSSION/ANALYSIS

The BOP may seek the reduction of a prisoner's sentence in
federal court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The statute
states, "The court may not modify a term of imprisonment once it
has been imposed except that ... the court, *upon motion of the
Director of the Bureau of Prisons*, may reduce the term of
imprisonment ..." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

The Sixth Circuit has determined that a federal court lacks
jurisdiction to review a decision by the BOP not to seek a
compassionate release/RIS for an inmate under § 3582(c)(1)(A).
*Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir.2011*); see
also Engle v. United States*, 26 F. App'x 394, 397 (6th Cir.2001)
("The district court lacked jurisdiction to *sua sponte* grant
compassionate release. A district court may not modify a
defendant's federal sentence based on the defendant's ill health,

4

except upon a motion from the Director of the Bureau of Prisons."). Other circuits have made the same determination. *See Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir.1991); *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir.1990); *Turner v. United States Parole Comm'n*, 810 F.2d 612, 615 (7th Cir.1987).

The Court is not unsympathetic to Leonard's plight and his present health condition. However, this Court simply does not have jurisdiction to reverse the BOP's denial of Leonard's request for a RIS/early release and not to move the Court for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Michael Leonard's complaint filed pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) [R. 1] is **DENIED.**

2. The Court will enter an appropriate Judgment with this Memorandum Opinion and Order.

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This the 28th day of September, 2015.



**Signed By:**

*Joseph M. Hood*

**Senior U.S. District Judge**

5